# WILLIAM F. BRYAN

*v.*

## SYLVANUS WHITFORD *et al.*

MECHANIC'S LIEN—*for making alterations.* Under the provisions of the Revised Statutes of 1845, a lien was given in favor of the original contractor for labor or materials for *erecting* or *repairing* a building, etc. By the act of 1869, the lien was extended in favor of sub-contractors, and those performing labor or furnishing materials under the original contractor, to the cases of *altering,* beautifying or ornamenting any house, etc. But under these statutes there is no lien created in favor of the original contractor for altering, beautifying or ornamenting a building already erected and not needing repairs from accident or decay.

APPEAL from the Circuit Court of Peoria county; the Hon. SABIN D. PUTERBAUGH, Judge, presiding.

Messrs. BRYAN & COCHRAN, for the appellant.

Mr. J. S. STARR, and Mr. H. B. HOPKINS, for the appellees.

Mr. JUSTICE MCALLISTER delivered the opinion of the Court:

This was a suit brought in the Peoria circuit court, by appellees, as original contractors, against appellant and one Gilbert, to enforce an alleged mechanic's lien upon a certain lot

3— 66TH ILL.

and building, for labor done and material furnished by appellees in the spring of 1871, which appear, beyond question, to have been done and furnished in making mere alterations in the internal arrangements of one room, and of the means of access, and windows of the front basement and laying a floor therein, of a building which had been erected, completed and put into occupation the previous year, and which had undergone no change by accident or decay.

The question is, whether, under these circumstances, any lien attached in favor of appellees, they being original contractors.

The original statute of 1845, section 1, declares that : " Any person who shall, by contract with the owner of any piece of land or town lot, furnish labor or materials for *erecting* or *repairing* any building or the appurtenances of any building on such land or lot, shall have a lien upon the whole tract of land or town lot, in the manner herein provided, for the amount due to him for such labor or materials."

It will be observed that, by this provision, the lien is given only for furnishing labor or materials for *erecting* or *repairing* any building, etc.

The first section of the act of 1869, provides that, " every sub-contractor, mechanic, workman or other person who shall hereafter, in conformity with the terms of the contract between the owner or lessee of any lot or piece of ground, or his agent, and the original contractor, perform any labor or furnish any materials in building, *altering*, repairing, beautifying or ornamenting any house or other building, or in any street or alley and connected with such building, or appurtenances to any house or other building in this State, shall have a lien for the value of such labor and materials upon such house, etc., to the extent of the right, title and interest of such owner or lessee at the time of the making the original contract for such house or the improvements."

By this statute the grounds of the lien are extended beyond those of the other statute, to the cases of *altering,* beautifying

or ornamenting any house or other building; but its provisions do not, in terms or by necessary implication, apply to the case of original contractors, such as these appellees were.

These statutes are in derogation of common right, and must be strictly construed.

We are of opinion that, under the circumstances of this case, there was no lien in favor of appellees, and the decree of the court below must, therefore, be reversed and the cause remanded.

*Decree reversed.*